UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20008 CR-HUCK

18 U.S.C. § 1341
18 U.S.C. § 982

MAGISTRATE JUDGE
TURNOFF

UNITED STATES OF AMERICA

vs.

**ELLINGTON OSBORNE,**

   **Defendant.**
_____/

## INFORMATION

The United States Attorney charges that:

### COUNT 1

**(MAIL FRAUD: 18 U.S.C. § 1341)**

1.  Beginning on a date unknown to the Grand Jury, but as early as on or about October 8, 2002, and continuing until on or about February 27, 2003, in Miami-Dade County, in the Southern District of Florida, the defendant,

**ELLINGTON OSBORNE,**

did knowingly and willfully devise a scheme and artifice to defraud and obtain property by material, false and fraudulent pretenses, representations, and promises by ordering goods from corporate suppliers, and falsely and fraudulently promising and representing that he would pay for those goods upon receipt, but, instead, intending to pay for such goods with fictitious checks that the defendant knew were worthless and fraudulent; and by falsely and fraudulently acquiring a line of credit from corporate suppliers, representing to such suppliers that he would pay for the goods purchased from them within thirty (30) days, but intending not to pay for such goods.



2. To accomplish the aforesaid scheme and artifice, the defendant, Ellington Osborne, used his computer to design, make and produce counterfeit cashier's checks and counterfeit personal checks that appeared to have been legitimately issued by various banks, organizations that operate in and the activities of which affect interstate commerce. After making such counterfeit checks, the defendant tendered the counterfeit checks as payments for goods delivered to him by commercial interstate carriers.

3. Furthermore, the defendant, Ellington Osborne, used the biographical information and identity of another person without that person's knowledge and fraudulently obtained credit cards under that person's name. With the credit cards, the defendant made numerous purchases, some of which were delivered to his place of business by commercial interstate carriers.

4. On or about January 23, 2003, in Miami-Dade County, in the Southern District of Florida, the defendant,

**ELLINGTON OSBORNE,**

for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud and obtain property by false and fraudulent pretenses, representations, and promises, caused to be delivered from the supplier identified below, certain matters, that is, packages containing goods, which packages were intended to be delivered and were delivered by the United Parcel Service, a private commercial interstate and foreign carrier:

| Count | Supplier | Merchandise Description | Cost |
|-------|----------|-------------------------|------|
| 1 | Osborne-Hoffman, Inc. | Computer/Telecom. Equipment | $12,660.64 |

All in violation of Title 18, United States Code, Section 1341.

It is further alleged that the approximate value of the goods obtained through the aforesaid scheme and artifice is more than $70,000.00.

## FORFEITURE

1. The allegations contained in this Information are hereby re-alleged and incorporated herein for the purpose of alleging forfeiture to the United States of America of property in which the defendant, **ELLINGTON OSBORNE**, has an interest, pursuant to Title 18, United States Code, Section 982(a)(2)(A) and (B).

2. Upon conviction of the violations alleged in this Information, the defendant shall forfeit to the United States any and all property constituting and derived from any proceeds the defendant obtained, directly and indirectly, as the result of such violations, and any and all property which the defendant used and intended to be used, in any manner and part, to commit and to facilitate the commission of such violations.

3. Pursuant to Title 18, United States Code, Section 982(b), and Title 21, United States Code, Section 853(p), if any of the property described above, as a result of any act and omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, and deposited with a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; and

   e. has been commingled with other property, which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of other property of the defendant up to the value of the above-described forfeitable property.

3

All pursuant to Title 18, United States Code, Section 982, and Title 21, United States Code, Section 853.

_____
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY


_____
MARKENZY LAPOINTE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE 05-20008 CR-HUCK

MAGISTRATE JUDGE
TURNOFF

UNITED STATES OF AMERICA

vs.

ELLINGTON OSBORNE,

_____Defendant._____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**

New Defendant(s)         Yes ____   No ____
Number of New Defendants      ____
Total number of counts        ____

**Court Division**: (Select One)

x   Miami      ___ Key West
___ FTL        ___ WPB      ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the Information, the number of defendants, the number of probable witnesses and the legal complexities of the Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   No
   List language and/or dialect _____

4. This case will take  0  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                          (Check only one)

   I    0 to 5 days      __x__      Petty     ____
   II   6 to 10 days     ____       Minor     ____
   III  11 to 20 days    ____       Misdem.   ____
   IV   21 to 60 days    ____       Felony    __x__
   V    61 days and over ____

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?   x  Yes ___ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes  x  No
   If yes, was it pending in the Central Region? ___ Yes ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ____ Yes   No  x

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003 ?              ____ Yes   x  No

_____
MARKENZY LAPOINTE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0172601

Penalty Sheet(s) attached                                      REV.1/14/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ELLINGTON OSBORNE

**Case No:**

Count #: 1

  Mail Fraud

  Title 18, United States Code, Section 1341

* **Max.Penalty:** 30 Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.